IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-CV-580-FL

| | |
|---|---|
| GENERAL NUTRITION CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | ORDER |
| v. ) | |
| ) | |
| NUTRITION ZONE FRANCHISING, ) | |
| INC. d/b/a Nutrition Zone USA, and ) | |
| NUTRITION ZONE USA, ) | |
| ) | |
| Defendants. ) | |

This matter comes before the court on defendants' motion for judgment on the pleadings pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(c) (DE 18), plaintiff's motion to amend its complaint (DE 22), and plaintiff's motion for leave to file supplemental brief in support of plaintiff's motion to amend (DE 24). The issues raised are ripe for ruling. For the reasons noted, defendants' motion for judgment on the pleadings is denied, plaintiff's motion to amend is granted, and plaintiff's motion for leave to file supplemental brief is granted.

**STATEMENT OF THE CASE**

This action concerns whether plaintiff's competitors may be held liable under North Carolina law for inducing plaintiff's franchisees to operate stores and sell products on behalf of the competitor. Plaintiff, a store selling various health and wellness products, commenced this action against defendants on December 7, 2018, claiming tortious interference with contract, tortious interference with business relations, and unfair and deceptive trade practices.

On April 18, 2019, defendants filed the instant motion for judgment on the pleadings, asserting that its actions were justified based on its legitimate interest in competing for business. A few weeks later, plaintiff filed the instant motion to amend its complaint, supplementing the complaint with additional allegations. Plaintiff argues the proposed amended complaint provides additional factual details that establish defendants' legal malice and tortious interference with contract and business relationships. Following briefing of plaintiff's motion to amend, plaintiff requested leave to file a supplemental brief, submitting a proposed reply brief, together with affidavit from John Vasquez ("Vasquez"), one of the franchisees of the stores at issue, and related correspondence.

## STATEMENT OF FACTS

As part of its business, plaintiff franchises stores which sell its health and wellness products, such as vitamin and mineral supplements, sports nutrition products, herbs, and health foods. (Compl. ¶¶ 5–8). As part of its franchise agreements, plaintiff and its franchisees enter covenants not to compete, which restrict each franchisee from "operating," "helping," being "employed by,", acting as "an agent of," or having "any interest in" a "Competitive Business" for one year after the termination of their franchise agreement within five miles of the franchise location or any other location belonging to plaintiff. (Id. ¶¶ 9–12).

Richard R. Colon and Amador J. Colon (collectively, "the Colons") have operated one or more of plaintiff's franchises for over a decade. (Id. ¶ 13). On July 29, 2016, and February 24, 2017, the Colons signed franchise agreements for renewal terms of five years each for stores in Raleigh[1] and Kernersville (the "Stores"). (Id. ¶¶ 14–15; Kernersville Franchise Agreement (DE 1-2); Raleigh Franchise Agreement (DE 1-3)). Among other things, the franchise agreements

---

[1] The Colons entered the franchise agreement for the Raleigh store through a corporation named K&R Nutrition, Inc., in which the Colons were the designated principals. (Compl. ¶ 15).

2

included restrictions on selling competing products, prohibited transferring any direct or indirect interest in the business to a third party without plaintiff's consent, and required consent before attempt to assign or sublet the Stores to a third party. (See Compl. ¶¶ 18, 20, 27).

On April 5, 2018, plaintiff sent the Colons notices of termination of the franchise agreements due to past amounts owed under the agreements. (Id. ¶¶ 28, 29; Raleigh Notice of Termination (DE 1-4); Kernersville Notice of Termination (DE 1-5)).

In the meantime, plaintiff learned that the Colons were selling products from defendants, who are direct competitors of plaintiff. (Compl. ¶ 37). In addition, one of the store managers informed plaintiff that the store would soon be a Nutrition Zone USA location. (Id.). Upon learning this information, plaintiff contacted defendants, informing them that "the Colons are selling Nutrition Zone USA ("NZ") branded products in one or both of the Stores" and that "such sales violate the franchise agreements [] for those Stores." (Id. ¶¶ 41, 42; Apr. 6, 2018 Letter (DE 1-9) at 2). Plaintiff also informed defendants of their covenant not to compete with the Colons, and that the leases for the Stores contain provisions requiring the Stores to operate as plaintiff's stores. (Compl. ¶ 42; Apr. 6, 2018 Letter (DE 1-9) at 2). On April 9, 2018, plaintiff spoke with Richard Colon, who acknowledged that he was offering defendants' products in the Stores and was "exploring [his] options" regarding operating the Stores as defendants' franchisee. (Id. ¶ 38; see Apr. 18, 2018 Letter (DE 1-8)).

Since the Colons did not cure their defaults, plaintiff terminated the franchise agreements and demanded the Colons turn over possession of the stores immediately. (Compl. ¶¶ 31, 46; Kernersville Demand Letter (DE 1-6); Raleigh Demand Letter (DE 1-7)). The Colons refused to turn over the Stores to plaintiff, and defendants operate or plan to operate out of the Stores. (See Compl. ¶¶ 36, 47, 48, 51; Raleigh Storefront Photograph (DE 1-10) at 2). Plaintiff alleges that

3

defendants knowingly encouraged the Colons to violate their covenant not to compete, damaging plaintiff's financial interests, including lost product sales, royalties and advertising fees. (Compl. ¶¶ 43, 44, 50, 52, 54).

## DISCUSSION

A.  Defendants' Motion for Judgment on the Pleadings (DE 18)

    1.  Standard of Review

"After the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is evaluated on the same standard as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Burbach Broad. Co. of Delaware v. Elkins Radio Corp., 278 F.3d 401, 406 (4th Cir. 2002).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, the "court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

2. Analysis

   a. Tortious Interference

To state a claim for tortious interference with contract, plaintiff must allege

> (1) a valid contract between the plaintiff and a third person which confers upon the plaintiff a contractual right against a third person; (2) the defendant knows of the contract; (3) the defendant intentionally induces the third person not to perform the contract; (4) and in doing so acts without justification; (5) resulting in actual damage to plaintiff.

Krawiec v. Manly, 370 N.C. 602, 606–07 (2018) (quoting United Labs., Inc. v. Kuykendall, 322 N.C. 643, 661 (1988)).

Similarly, "to interfere with a [person's] business, trade or occupation by maliciously inducing a person not to enter into a contract with a third person, which he would have entered into but for the interference, is actionable if damage proximately ensues." Spartan Equip. Co. v. Air Placement Equip. Co., 263 N.C. 549, 559 (1965). Two essential elements of a tortious interference with prospective business relationships claim are the "intervenor's inducement of a third party and a showing that a contract would have ensued." Dalton v. Camp, 353 N.C. 647, 655 (2001). "[A] plaintiff must produce evidence that a contract would have resulted but for a defendant's malicious intervention." Beverage Sys. of the Carolinas, LLC v. Associated Beverage Repair, LLC, 368 N.C. 693, 701 (2016). "The term 'malice' is used in this connection in its legal sense[] and denotes the intentional doing of the harmful act without legal justification." Childress v. Abeles, 240 N.C. 667, 675 (1954).

"Whether an actor's conduct is justified depends upon 'the circumstances surrounding the interference, the actor's motive or conduct, the interests sought to be advanced, the social interest in protecting the freedom of action of the actor[,] and the contractual interests of the other party.'" Georgia Pac. Consumer Prod., LP v. Von Drehle Corp., 618 F.3d 441, 456 (4th Cir. 2010) (quoting Embree Const. Grp., Inc. v. Rafcor, Inc., 330 N.C. 487, 498 (1992)). "[C]ompetition in business

5

constitutes justifiable interference in another's business relations and is not actionable so long as it is carried on in furtherance of one's own interests and by means that are lawful." RLM Commc'ns, Inc. v. Tuschen, 831 F.3d 190, 203 (4th Cir. 2016) (quoting Peoples Sec. Life Ins. Co. v. Hooks, 322 N.C. 216, 221 (1988)); Beverage Sys., 368 N.C. at 700 (quoting Embree Constr., 330 N.C. at 498). However, "[t]he privilege [to interfere] is conditional or qualified; that is it is lost if exercised for a wrong purpose. In general[,] a wrong purpose exists where the act is done other than as a reasonable and bona fide attempt to protect the interests of the defendant which is involved." Kuykendall, 322 N.C. at 662–63; see Georgia Pacific, 618 F.3d at 457 (instructing that plaintiff could only defeat defendant's contention of justifiable interference with plaintiff's leases if it prevailed on its Lanham Act or unfair competition claims).

In Hooks, the North Carolina Supreme Court considered whether the trial court erred in dismissing a complaint that alleged defendant knowingly induced plaintiff's employees to work for a competitor, violating those employees' covenants not to compete. Hooks, 322 N.C. at 219–20. The court held that hiring and placing of the plaintiff's former employees by the defendant for the purpose of developing the territory assigned to him by a company competing with the plaintiff amounted to justifiable interference. Id. at 222. In Kuykendall, the North Carolina Supreme Court, citing Hooks, found that a question of fact arose as to whether a competitor was legally justified in interfering with plaintiff's contracts. See 322 N.C. at 662–63. There, the defendant company agreed to pay all legal expenses incurred as a result of defendant employee breaching covenants not to compete, and the defendant company used plaintiff's confidential and proprietary information to solicit customers even though defendant employee was enjoined from soliciting plaintiff's customers. Id.

The facts alleged in the pleadings more closely resemble Kuykendall than Hooks. Plaintiff

6

informed defendants of their covenant not to compete with the Colons, and that the leases for the Stores contain provisions requiring the Stores to operate as plaintiff's stores. (Compl. ¶ 42; Apr. 6, 2018 Letter (DE 1-9) at 2). Several months later, plaintiff terminated the franchise agreements for the Stores and demanded the Colons turn over possession of the Stores immediately to be operated directly by plaintiff. (See Compl. ¶¶ 31, 46; Kernersville Demand Letter (DE 1-6); Raleigh Demand Letter (DE 1-7)). The Colons refused to turn over the Stores allegedly belonging to plaintiff, and defendants operate or plan to operate out of the Stores. (See Compl. ¶¶ 36, 47, 48, 51; Raleigh Storefront Photograph (DE 1-10) at 2). Like in Kuykendall, defendants allegedly operate the Stores despite an injunction issued against Amador Colon and K&R Nutrition enforcing the covenants not to compete contained in the franchise agreements.[2] See Gen. Nutrition Corp. v. K & R Nutrition, Inc., No. CV 18-1125, 2018 WL 6732980, at *1, *3 (W.D. Pa. Dec. 11, 2018), report and recommendation adopted, No. CV 18-1125, 2019 WL 96242 (W.D. Pa. Jan. 3, 2019).

Defendants argue that Hooks and other cases like it stand for the proposition that if a complaint reveals facts showing the defendant acted with a legitimate business purpose, the tortious interference claim must be dismissed. However, defendants do not consider the facts supporting the holding in Kuykendall. Viewing the facts in light most favorable to plaintiff, defendants' inducement of the Colons to operate as defendants' franchisees was without justification, where at times pertinent to this litigation the Colons allegedly were no longer the rightful owners of the Stores, and Amador Colon and K&R Nutrition were enjoined by another court from operating a competing business. Therefore, defendants' motion to dismiss plaintiff's

---

[2] The court takes judicial notice of the report and recommendation, and the court's order adopting it. See Sec'y of State for Defence v. Trimble Navigation Ltd., 484 F.3d 700, 705 (4th Cir. 2007) ("In reviewing the dismissal of a complaint under Rule 12(b)(6), we may properly take judicial notice of matters of public record.").

7

tortious interference claims is denied.

        b.        Unfair and Deceptive Trade Practices

In North Carolina, "[u]nfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are declared unlawful." N.C. Gen. Stat. § 75-1.1(a). "In order to establish a prima facie claim for unfair trade practices, a plaintiff must show: (1) defendant committed an unfair or deceptive act or practice, (2) the action in question was in or affecting commerce, and (3) the act proximately caused injury to the plaintiff." Dalton, 353 N.C. at 656. "The determination of whether an act or practice is an unfair or deceptive practice that violates [N.C. Gen. Stat.] § 75–1.1 is a question of law for the court." Gray v. N. Carolina Ins. Underwriting Ass'n, 352 N.C. 61, 68 (2000).

Defendants move to dismiss plaintiff's unfair and deceptive trade practices claim on the grounds that they did not commit an unfair or deceptive trade practice. For the reasons discussed by the court above, plaintiff pleads an unfair and or deceptive practice or act, and thus its unfair and deceptive trade practices claim proceeds as well.

B.        Plaintiff's Motion to Amend (DE 22)

    1.        Standard of Review

Where, as here, a party seeks leave to amend after a responsive pleading or Rule 12(b) motion has been filed, the party "may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." Id. "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be

'freely given.'" Foman v. Davis, 371 U.S. 178, 182 (1962). With respect to futility, the court may deny leave to amend "if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards." Katyle v. Penn Nat. Gaming, Inc., 637 F.3d 462, 471 (4th Cir. 2011).

2. Analysis

Plaintiff seeks leave to amend to "add additional factual detail to establish [defendants'] legal malice and tortious interference." (Pl. Mem. (DE 23) at 4). In addition to the facts previously alleged, the proposed amended complaint clarifies that the franchise agreements authorized the Colons to enter into leases directly with landlords but gave plaintiff the right to take over the lease after default. (Prop. Am. Compl. ¶ 27). Defendants received plaintiff's letter confronting defendants about the Colons' franchise agreements on April 9, 2018, putting defendants on notice about the agreements. (Id. ¶¶ 43, 44). Plaintiff allegedly was the rightful owner of the lease on the Stores, and had not consented to the Colons subletting the premises for defendants' use. (Id. ¶¶ 46, 48, 49, 51).

Defendants argue that the proposed amended complaint is futile, relying on the same arguments that they acted with justification because they were direct competitors acting based on business competition. For the same reasons that the court denies defendants' motion for judgment on the pleadings, the court determines that plaintiff's motion to amend is not futile. The court grants plaintiff leave to amend its complaint.[3]

## CONCLUSION

Based on the foregoing, defendants' motion for judgment on the pleadings (DE 18) is DENIED. Plaintiff's motion to amend its complaint (DE 22) is GRANTED. Within seven days,

---

[3] For good cause shown, plaintiff's motion for leave to supplement its briefing in support of its motion to amend also is granted.

9

plaintiff is DIRECTED to file its amended complaint. Plaintiff's motion for leave to file supplemental brief (DE 29) is GRANTED.

SO ORDERED, this the 29th day of October, 2019.

LOUISE W. FLANAGAN
United States District Judge